```
                                                CLERK'S OFFICE U.S. DIST. COURT
                                                     AT ROANOKE, VA
                                                         FILED
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF VIRGINIA       MAY 2 5 2005
                     ROANOKE DIVISION
                                                  JOHN F. CORCORAN, CLERK
                                                  BY:
                                                       DEPUTY CLERK
```

RUDOLPH LEE CRAWLEY, JR., )
                          )
    Plaintiff,             )    Civil Action No. 7:05CV 00319
                          )
v.                         )    MEMORANDUM OPINION
                          )
MAJOR R.C. BALL,           )    By: Samuel G. Wilson
Chief Deputy, et al.,      )    United States District Judge
                          )
    Defendant(s).          )

Plaintiff Rudolph Lee Crawley, Jr., a Virginia inmate at the Danville City Jail proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, against defendants R.C. Ball, Aramark Food Services, and the Danville City Council, alleging various Eighth and Fourteenth Amendment violations. Crawley seeks monetary damages in the amount of $500,000.000. The court finds that Crawley has failed to state claims for which relief may be granted; therefore, the court will file and dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), which allows the court to dismiss an action during the screening process upon finding that it is frivolous, malicious, or fails to state a claim for which relief may be granted.

I.

Crawley claims that jail officials are neglecting his needs because (1) his food is cold by the time he gets it, and it is not seasoned; (2) he does not receive seasoning packets for his food; (3) he does not receive enough food; and (4) he has to wait to receive his food. Crawley also claims that the Danville City Jail has violated his constitutional rights by assessing room and board in the amount of one dollar per day in accordance with Virginia Code § 53.1-131.3.[1]

---

[1]Virginia Code Annotated § 53.1-131.3 (2004) provides, in part:

Finally, Crawley claims due process violations because, according to Crawley, (1) he must wait in jail for a court-appointed attorney and a trial date, (2) court-appointed attorneys do not care about cases such as his because they do not get paid if they win, (3) court-appointed attorneys do not visit with an inmate until two or three weeks before trial, and (4) the jail has no legal materials. Crawley alleges no additional facts, and it is unclear from his pleadings whether he is a pre-trial or post-trial detainee.

## II.

Crawley's claims concerning his food are frivolous. To state an Eighth Amendment claim of cruel and unusual living conditions, a plaintiff must allege that prison officials have deprived him of a basic human need, Williams v. Griffith, 952 F.2d 820, 824 (4th Cir. 1991), and that prison officials knew of but disregarded an excessive risk to his health and safety, Farmer v. Brennan, 511 U.S. 825, 834 (1994). Claims of inadequate food are insufficient absent allegations of a serious deprivation, deleterious effects, and deliberate indifference by prison officials. Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993).

Crawley does not allege that jail officials have seriously deprived him of food or that he has suffered deleterious effects. He alleges only that he is unhappy with the temperature and taste of his food, that he does not receive enough food, and that he has to wait for his food. Accordingly, the court finds that Crawley has failed to state an Eighth Amendment claim of cruel

---

Any sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $1 per day, to defray the costs associated with the prisoner's keep... Such funds shall be retained in the locality where the funds were collected and shall be used for general jail purposes.

and unusual living conditions and dismisses pursuant to §1915A(b)(1).

## III.

Crawley has also failed to state a claim with regard to the room and board charge the Danville City Jail assesses pursuant to Virginia Code § 53.1-131.3. Because Crawley does not allege any facts that would support an equal protection claim or a procedural due process claim, the court construes Crawley's claim as alleging an Eighth Amendment violation of the Excessive Fine Clause.[2] In order to state a constitutional claim under the Excessive Fine Clause, Crawley must show that the one dollar per day room and board fee is both a fine and is excessive. Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 420 (3d Cir. 2000) (citing, U.S. v. Bajakajian, 524 U.S. 321, 420 (1998)). Additionally, Crawley must show that the room and board fee is a fine imposed as punishment for a criminal offense. See Waters v. Bass, 304 F. Supp. 2d 802, 808 (E.D. Va. 2004) (citing Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal Inc., 492 U.S. 257, 265 (1989); Thomas v. Commissioner, 62 F.3d 97, 102 (4th Cir. 1995)).

The Danville City Jail is not assessing room and board against Crawley as punishment for any criminal offense. See Va. Code Ann. § 53.1-131.3 (2004). Moreover, the jail may assess the room and board fee against all prisoners incarcerated at the jail regardless of the natures of their offenses or the lengths of their sentences. Id.; see Waters, 304 F. Supp. 2d at 809. Finally, an assessment of one dollar per day for room and board "to defray the costs associated with the

---

[2]See Slade v. Hampton Roads Reg'l Jail, 303 F. Supp. 2d 779, 782-83 (E.D. Va. 2004). Neither does Crawley allege that paying the one dollar per day room and board fee extend his prison sentence, deprive him of any basic human need, or otherwise render him without necessities such as food and shelter.

3

prisoner's keep" is not excessive or unreasonable. See Va. Code Ann. § 53.1-131.3 (2004); Tillman, 221 F.3d at 420. Therefore, the court finds that Crawley has failed to state an excessive fine claim for which relief may be granted and dismisses pursuant to §1915A(b)(1).

## IV.

Crawley's due process claims are also frivolous. From his complaint, it is unclear whether Crawley is a post-trial or a pre-trial detainee; however, regardless of his status, he has not stated a claim for which relief may be granted. To the extent that Crawley is a post-trial detainee, he has not stated a claim because "[p]risoners have no absolute right to any particular type of legal assistance." Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978) (citing, Bounds v. Smith, 430 U.S. 817, 828 (1977)). Crawley has availed himself to Virginia's court-appointed-counsel program for indigent inmates, see Va. Code Ann. § 53.1- 40 (2004), and by providing court-appointed counsel, the State has discharged its constitutional burden. See Bounds, 430 U.S. at 828 (holding that the State must provide *either* a law library *or* persons trained in the law to indigent inmates).

In the event Crawley is a pre-trial detainee, he still has failed to state a claim. Pre-trial detainees are constitutionally entitled to the assistance of counsel but not to law library access. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987); United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978). By appointing counsel for Crawley, the State has discharged its constitutional obligations. Further, it is the role of the State court, not this court, to oversee the appointment and performance of court-appointed counsel at this juncture. See Heck v. Humphrey, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action,

4

abstention may be an appropriate response to the parallel state-court proceedings."); <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (holding that federal courts should not interfere with ongoing state criminal prosecutions when there are avenues for the criminal defendant/federal plaintiff to vindicate his constitutional rights in state court). Accordingly, the court finds that Crawley has failed to state a claim for which relief may be granted and dismisses pursuant to §1915A(b)(1).

V.

For the stated reasons, Crawley has failed to state claims for which relief may be granted, and this action will be filed and dismissed pursuant to § 1915A(b)(1).

**ENTER**: This 25th day of May, 2005.

UNITED STATES DISTRICT JUDGE